**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

CATHERINE SPOON, on behalf of herself
and all others similarly situated,

      Plaintiff,

    v.

JOBBLE, INC.,

      Defendant.

Case No. 3:26-cv-01707-K

**DEFENDANT'S UNOPPOSED MOTION FOR AN EXTENSION
OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO COMPLAINT**

Defendant Jobble, Inc. ("Defendant"), by and through its undersigned counsel, respectfully submits this **<u>unopposed</u>** motion for an extension of time to answer, move, or otherwise respond to Plaintiff's Complaint (*see* Dkt. 1, "Complaint") in this matter **to and including July 27, 2026**, or however long the Court deems appropriate. In support thereof, Defendant states as follows:

1. Plaintiff filed the Complaint in this case on May 27, 2026. *See* Dkt. 1.

2. Defendant was purportedly served with process on June 5, 2026. *See* Dkt. 9. As such, by operation of Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant's *current* initial responsive pleading deadline is June 26, 2026. This motion is therefore timely filed.

3. There are several reasons as to why Defendant and its counsel seek and are in need of an extension of time as to Defendant's current pleading deadline. <u>First</u>, Defendant and its counsel (who were just recently retained) need time to adequately investigate the underlying facts and allegations in the Complaint, prepare an appropriate responsive pleading(s), and potentially explore an extra-judicial resolution with Plaintiff, which may obviate the need for Defendant to respond to the Complaint altogether if successful. <u>Second</u>, Defendant's counsel have several unmovable professional and personal scheduling conflicts with the current deadline (including

- 1 -

motions due and hearings set around the same period), which make completing the foregoing tasks by the current deadline extraordinarily difficult. Third, though it denies liability, Defendant desires to explore an extra-judicial resolution of this dispute with Plaintiff without the parties incurring additional legal expenses or burdening the Court or its resources, and therefore requires additional time prior to its pleading deadline to do so. Fourth, the parties have had productive discussions regarding a potential extra-judicial resolution since Defendant waived service, and need sufficient time to see those discussions through to their natural conclusion without incurring litigation expenses or burdening the Court. Fifth, the modest requested extension will promote efficiency and conserve judicial and party resources, by allowing Defendant sufficient time to investigate the claims and attempt to reach an extra-judicial resolution without having to engage in motion practice, incurring litigation expenses, or burdening the Court or its resources.

4.      Given the foregoing, Defendant seeks a modest extension of time of thirty (30) days to answer, move, or otherwise respond to the Complaint. By operation of  Fed. R. Civ. P. 6(a)(1)(C), therefore, Defendant's new responsive pleading deadline would be July 27, 2026.[1]

5.      Defendant has not previously requested an extension in this matter.

6.      On June 18, 2026, counsel for Defendant conferred with lead counsel for Plaintiff (Anthony Paronich) via email regarding this Motion and the relief requested herein prior to its filing, who indicated in writing the same day that Plaintiff agrees to and does not oppose the requested 30-day extension.

7.      Since this matter was just recently filed and is in its early stages, Plaintiff is in agreement, and there are no other parties to this case, the requested extension will not result in any

---

[1] Thirty days from the current deadline falls on a Sunday.  Therefore, the new deadline would carry to the next business day.

prejudice nor impact the timely resolution of this case.

8.      The foregoing request is not being made for the purpose of delay, is being made for the purpose of judicial and party economy, and will not prejudice any party to this action.

9.      Good cause exists for granting Defendant's request for at least the reasons above.

10.     In seeking this extension, Defendant does not concede that it has been properly named in this action, and Defendant does not waive and expressly reserves all defenses relating to the Complaint, including jurisdictional defenses or the right to move to compel arbitration, if and/or when it is determined there is an applicable arbitration agreement between the parties.

11.     A proposed order has been provided herewith for the Court's consideration.

WHEREFORE, Defendant respectfully requests this Court enter the proposed order, or a substantially similar order, (i) granting Defendant an extension of time to answer, move, or otherwise respond to the Complaint in this action **to and including July 27, 2026**; and (ii) granting all other relief the Court deems just and proper.

Dated: June 23, 2026                           Respectfully submitted,

                                               **SCHEEF & STONE LLP**

                                               By: */s/ C. Brenton Kugler*
                                                   C. Brenton Kugler
                                                   State Bar No. 11756250
                                                   brent.kugler@solidcounsel.com
                                                   Brenda Barton Neuwirt
                                                   State Bar No. 24006807
                                                   brenda.neuwirt@solidcounsel.com
                                                   Abbye West
                                                   State Bar No. 24115938
                                                   abbye.west@solidcounsel.com

                                                   500 North Akard Street
                                                   Suite 2700
                                                   Dallas, Texas 75201
                                                   (214) 706-4200 Telephone

(214) 472-2150 Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on, June 23, 2026, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: _/s/ C. Brenton Kugler_
C. Brenton Kugler