**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| **CATHERINE SPOON, on behalf of herself and all others similarly situated** ) ) ) ) | |
| *Plaintiff,* ) ) ) | **Case No. 3:26-cv-01707-K** |
| v. ) ) ) | |
| **JOBBLE, INC.** ) ) ) | |
| *Defendant.* ) ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**AND INCORPORATED BRIEF IN SUPPORT**

Defendant Jobble, Inc. ("Jobble") hereby respectfully moves to dismiss the Complaint (*see* Dkt. 1, "Complaint") filed by Plaintiff Catherine Spoon ("Plaintiff") in the above-captioned matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim for relief. In support thereof, Jobble respectfully submits the Brief in Support, set forth below.

WHEREFORE, for these reasons, for the reasons set forth in the Brief in Support, which is incorporated herein by reference, and for such additional reasons that may be further presented by Jobble prior to the Court's ruling hereon, Jobble respectfully requests that the Court grant this Motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated: July 27, 2026                    Respectfully submitted,

                                        By: /s/ C Brenton Kugler
                                        C Brenton Kugler
                                        Scheef & Stone LLP
                                        500 N Akard
                                        Suite 2700
                                        Dallas, TX 75201

214/706-4227
Fax: 214/706-4242
Email: brent.kugler@solidcounsel.com

John W. McGuinness (admission to be requested)
A. Paul Heeringa (admission to be requested)
**Manatt, Phelps & Phillips, LLP**
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
jmcguinness@manatt.com
pheeringa@manatt.com

*Counsel for Defendant*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     RELEVANT ALLEGATIONS.......................................................................... 2

III.    APPLICABLE LEGAL STANDARDS ........................................................... 3

IV.     ARGUMENT.................................................................................................... 4

      A.      The Complaint Should Be Dismissed Under Rule 12(b)(6) Because
            Plaintiff Fails to Plausibly Allege Any Theory of Liability Against Jobble.......... 4

      B.      Count I Should Also Be Dismissed With Prejudice Under Rule 12(b)(6)
            Because Text Messages Are Not Covered Under Section 227(c) of the
            TCPA. .................................................................................................................. 8

      C.      Count I Should Also Be Dismissed Under Rule 12(b)(6) Because Plaintiff
            Failed to Plausible Allege Receipt of a "Telephone Solicitation.".................... 15

      D.      Plaintiff's State Law Claim in Count II Is Likewise Deficient and Thus
            Should Also Be Dismissed Under Rule 12(b)(6)................................................. 16

V.      CONCLUSION................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alvarez v. Fiesta Nissan, Inc.*,
  2026 WL 202930 (S.D. Tex. Jan. 26, 2026) ................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................3, 8

*Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*,
  708 F.3d 737 (6th Cir. 2013) ......................................................................................12

*Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*,
  12 F. Supp. 3d 980 (S.D. Tex. 2014) ...........................................................................3

*Bank v. Consumer Tax Advoc., LLC*,
  2025 WL 1640500 (E.D.N.Y. Feb. 5, 2025) ...................................................................7

*Barnes v. SunPower Corp.*,
  2023 WL 2592371 (N.D. Cal. Mar. 16, 2023) ................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................3, 8

*Blow v. Bijora, Inc.*,
  191 F. Supp. 3d 780 (N.D. Ill. 2016) ..........................................................................10

*Brownlee v. Allstate Ins. Co.*,
  2021 WL 4306160 (N.D. Ill. Sept. 22, 2021) ................................................................5

*Callier v. Am. Auto Grp. LLC*,
  2026 WL 1741206 (W.D. Tex. May 29, 2026), *report and rec. adopted*, 2026 WL
  1738124 (W.D. Tex. June 16, 2026) ...........................................................................14

*Callier v. MultiPlan, Inc.*,
  2021 WL 8053527 (W.D. Tex. Aug. 26, 2021) .............................................................17

*Callier v. United Fundings LLC*,
  2026 WL 1623421 (W.D. Tex. Apr. 15, 2026), *report and rec. adopted sub nom.*
  2026 WL 1630445 (W.D. Tex. May 13, 2026) .............................................................14

*Cherakaoui v. Santander Consumer USA, Inc.*,
  32 F. Supp. 3d 811 (S.D. Tex. 2014) ..........................................................................16

*Cunningham v. Daybreak Solar*,
  2023 WL 3985245 (N.D. Tex. June 13, 2023) ........................................................ passim

*Cunningham v. Lifestyles Dev., LLC*,
  2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) ..............................................................5, 8

*Cunningham v. Politi*,
  2019 WL 2519568 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL
  2524736 (June 19, 2019) .............................................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Cunningham v. Politi*,
2019 WL 2519702 (E.D. Tex. Apr. 26, 2019), *report and rec. adopted,* 2019 WL
2526536 (June 19, 2019) ...............................................................................................16

*Cunningham v. Radius Glob. Sols.*,
2021 WL 2258743 (E.D. Tex. June 3, 2021) ..........................................................................17

*Davis v. CVS Pharm., Inc.*,
797 F. Supp. 3d 1270 (N.D. Fla. 2025)........................................................................ passim

*Davis v. Michigan Dept. of Treasury*,
489 U.S. 803 (1989)........................................................................................................13

*Duron v. Kings Cap. Holding LLC*,
2026 WL 319779 (W.D. Tex. Jan. 13, 2026), *report and rec. adopted*, 2026 WL
316037 (W.D. Tex. Feb. 5, 2026) ....................................................................................14

*El-Sayed v. Naturopathica Holistic Health, Inc.*,
2025 WL 2997759 (M.D. Fla. Oct. 24, 2025) ............................................................9, 11, 12

*Fabricant v. Elavon, Inc.*,
2020 WL 11884505 (C.D. Cal. Aug. 25, 2020)...........................................................................8

*Facebook, Inc. v. Duguid*,
592 U.S. 395 (2021)..........................................................................................................9

*FCC v. AT&T Inc.*,
562 U.S. 397 (2011)........................................................................................................13

*Ferrer v. Chevron Corp.*,
484 F.3d 776 (5th Cir. 2007) ............................................................................................3

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) .......................................................................7

*Gillam v. Reliance First Cap., LLC*,
2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023)...................................................................10, 16

*Horton v. Nat'l Republican Senatorial Comm.*,
2023 WL 372066 (N.D. Tex. Jan. 23, 2023) .........................................................................16

*Hunsinger v. Dynata LLC*,
2023 WL 2377481 (N.D. Tex. Feb. 7, 2023)...........................................................................5

*Hurley v. Messer*,
2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) .........................................................................8

*In re Dish Network, LLC*,
2013 WL 1934349, 28 F.C.C. Rcd. 6574 (2013)......................................................................5

*In re Franklin Bank Corp. Sec. Litig.*,
782 F. Supp. 2d 364 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Tr. U/A DTD
9/21/72 v. Nocella*, 464 F.App'x 334 (5th Cir. 2012)................................................................4

**TABLE OF AUTHORITIES**

(continued)

Page

*In re Rules and Regs. Implementing the TCPA*,
30 FCC Rcd. 7961 (Jul. 10, 2015) ........................................................................6

*Irvin v. Sonic Indust. Serv., LLC*,
2026 WL 1098403 (N.D. Ga. Apr. 20, 2026) ....................................................9, 12

*James v. Smarter Contact, Inc.*,
2026 WL 879244 (M.D. Fla. Mar. 31, 2026) ...............................................9, 11, 13

*Jones v. Royal Admin. Servs., Inc.*,
887 F.3d 443 (9th Cir. 2018) ...........................................................................8, 14

*Katz v. Caliber Home Loans, Inc.*,
2023 WL 5311488 (N.D. Tex. Aug. 17, 2023) ......................................................5

*King v. Burwell*,
135 S.Ct. 2480 (2015) ......................................................................................10

*Kucana v. Holder*,
558 U.S. 233 (2010) .........................................................................................12

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) ......................................................................................9, 15

*Lowe v. Dallas Police Dep't*,
2017 WL 4863076 (N.D. Tex. Oct. 17, 2017), *report and rec. adopted*, 2017 WL
4838980 (Oct. 26, 2017) .....................................................................................3

*Matthews v. Senior Life Ins. Co.*,
2025 WL 1181789 (E.D. Va. Apr. 22, 2025) ........................................................7

*McGonigle v. Pure Green Franchise Corp.*,
2026 WL 111338 (S.D. Fla. Jan. 15, 2026) .........................................................11

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)........................................................8

*Moreland v. SunPath, Ltd.*,
2021 WL 6773100 (E.D. Tex. Sept. 10, 2021) ......................................................8

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ........................................................8

*Nelums v. Mandu Wellness, LLC*,
2023 WL 5607594 (D.N.M. Aug. 30, 2023) ..........................................................5

*Nken v. Holder*,
556 U.S. 418 (2009).........................................................................................12

*Pascal v. Agentra, LLC*,
2019 WL 5212961 (N.D. Cal. Oct. 16, 2019)........................................................4

*Pelayo v. Wells Fargo Bank, N.A.*,
2014 WL 3513207 (W.D. Tex. July 14, 2014) .......................................................3

iv

# TABLE OF AUTHORITIES
(continued)

**Page**

*Pinn v. CycleBar Franchising, LLC*,
2023 WL 8374749 (N.D. Tex. Dec. 4, 2023)..............................................................12

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) ........................................................................................3

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) ........................................................................................3

*Radvansky v. 1-800-FLOWERS.COM, Inc.*,
2026 WL 456919 (N.D. Ga. Feb. 17, 2026) ...........................................9, 10, 11, 15

*Richards v. Fashion Nova, LLC*,
2026 WL 847568 (S.D. Ind. Mar. 26, 2026)..................................................9, 11, 14

*Richards v. Shein Distrib. Corp.*,
2026 WL 847584 (S.D. Ind. Mar. 26, 2026)...................................................................9

*Roberts v. Sea-Land Servs., Inc.*,
566 U.S. 93 (2012)........................................................................................................12

*Rogers v. Assurance IQ, LLC*,
2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) ......................................................7, 8

*Rogers v. Postmates Inc.*,
2020 WL 3869191 (N.D. Cal. July 9, 2020)..................................................................4

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009) ......................................................................................12

*Sheski v. Shopify (USA) Inc.*,
2020 WL 2474421 (N.D. Cal. May 13, 2020) ..............................................................5

*Steidinger v. Blackstone Med. Servs.*,
2026 WL 2028517 (7th Cir. July 14, 2026)...........................................9, 10, 11, 13

*Stockdale v. Skymount Prop. Grp., LLC*,
2026 WL 591842 (N.D. Ohio Mar. 3, 2026) .........................................9, 10, 11, 15

*Thomas v. Taco Bell Corp.*,
582 F.App'x 678 (9th Cir. 2014) ..................................................................................4

*Tuchman v. DSC Commc'ns Corp.*,
14 F.3d 1061 (5th Cir. 1994) ........................................................................................3

*Wick v. Twilio Inc.*,
2017 WL 2964855 (W.D. Wash. July 12, 2017) ..........................................................5

*Wilson v. MEDVIDI Inc.*,
2025 WL 2856295 (N.D. Cal. Oct. 7, 2025)..................................................................7

## STATUTES

47 U.S.C. § 227(a)(4)...............................................................................................11, 12

47 U.S.C. § 227(b) ...........................................................................................12, 13, 14, 15

# TABLE OF AUTHORITIES
(continued)

**Page**

47 U.S.C. § 227(b)(1)(A) ............................................................................................13

47 U.S.C. § 227(c) ............................................................................................... passim

47 U.S.C. § 227(e) .............................................................................................10, 11

47 U.S.C. § 227(e)(8)(A) ..........................................................................................11

47 U.S.C. § 227(e)(8)(B) ..........................................................................................11

Tex. Bus. & Com. Code § 302.101 ............................................................................17

Tex. Bus. & Com. Code § 305.001, *et seq.* ................................................................1

Tex. Bus. & Com. Code § 305.053 ......................................................................16, 17

Tex. Bus. & Com. Code § 305.053(a) .......................................................................17

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(f)(5) ..........................................................................................16

47 C.F.R. § 64.1200(f)(15) ..................................................................................15, 16

## RULES

Fed. R. Civ. P. 12(b)(6) ........................................................................................ passim

vi

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I.    **INTRODUCTION**

In her Complaint, Plaintiff seeks to recover statutory damages under the National "Do Not Call" ("DNC") Registry provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5)—which on its face applies only to "telephone calls" and not all forms of communication to and from a telephone—and its Texas state analog, the Texas Telephone Solicitation Act ("TTSA"), Tex. Bus. & Com. Code (TBCC) § 305.001, *et seq.* Both claims rest on eight supposed "telephone solicitation" text messages (not telephone calls) Plaintiff allegedly received on her cell phone without her consent. As demonstrated herein, however, her Complaint lacks sufficient non-conclusory facts supporting an inference Jobble bears any legal responsibility for the subject text messages, or that they even violated the TCPA or TTSA in the first instance.

Indeed, Plaintiff's Complaint suffers from multiple factual and legal deficiencies, and thus it is ripe for dismissal in its entirety under Rule 12(b)(6). First, to state a plausible TCPA claim under any provision and avoid a dismissal at the pleadings stage, Plaintiff must allege facts—not just labels and conclusions—showing that (i) Jobble is directly or vicariously liable for the challenged texts (*i.e.,* that Jobble itself physically sent each of them or it was in a common law agency relationship with the actual sender), and (ii) the texts meet the statutory elements of Section 227(c) of the TCPA and the TTSA. Plaintiff's Complaint does neither. Instead, she merely concludes the texts were sent by Jobble, but pleads nothing supporting this conclusion. Nor does she plead plausible facts from which the Court could reasonably infer the texts she received were "telephone solicitations" under the TCPA's definition for her claim in Count I. These fatal pleading deficiencies only become more pronounced considering the fatal legal defect permeating Plaintiff's claim under Section 227(c) of the TCPA—text messages (a form of technology that did not exist in 1991 when it was enacted) do not constitute "telephone calls" under that provision.

1

Plaintiff therefore cannot base her TCPA claim in Count I on texts alone, which warrants its dismissal with prejudice. And since her TTSA claim in Count II is based on the same defectively pled conclusory allegations as her TCPA claim in Count I, it too is doomed to dismissal.

## II.    RELEVANT ALLEGATIONS

In pertinent part, Plaintiff alleges (or rather concludes) that she "received texts from Defendant starting in April of 2026." Dkt. 1, ¶ 44. The first text she purportedly received "informed Plaintiff that she was 'subscribed to recurring texts on insurance quotes, savings & offers," and contained opt out instructions. *Id*. ¶ 51. She apparently did not follow those op-out instructions.

As to each of the eight texts, Plaintiff alleges "on or about April 19, 2026," she received a text "from (888) 906-1305 stating that Jobble had 'ran our comparison tool for your Chevrolet' and that a rate 'may be worth comparing,'" with a trackable link and opt out instruction. *Id*. ¶ 45.

Plaintiff further alleges that she received similar texts on April 20, 21 and 24 relating to rates for a Chevrolet Silverado, all of which came from the (888) 906-1305 number and contained links and opt-out ("stop") instructions. *Id*. ¶¶ 45-51. Plaintiff notably only partially quotes the content of the messages, but she does not allege that they identified Jobble by name or whether she actually clicked on the "trackable link" in each message. According to Plaintiff, these messages were sent "for the purpose of encouraging the purchase of goods or services and constitute telemarketing within the meaning of the TCPA." *Id*. ¶ 54. *See also id.* ¶ 52. However, Plaintiff tellingly does not allege whether she provided her prior express invitation or permission or had an established business relationship with Jobble prior to purportedly receiving these text messages.

Based on these allegations, Plaintiff purports to represent two putative classes: (i) a "National Do Not Call Registry Class" consisting of individuals whose telephone numbers were registered on the National DNC Registry but received more than one telephone solicitation call "from Jobble" *or* a third party acting on Jobble's behalf; and (ii) a "Texas Telephone Solicitation

2

Class" consisting of individuals who received one or more marketing texts "from" Jobble using the same equipment used to contact Plaintiff whether the phone number was also registered on the National DNC Registry. *Id*. ¶ 63. As shown below, these allegations cannot survive dismissal here.

## III.   <u>APPLICABLE LEGAL STANDARDS</u>

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. In this regard, any legal claim brought in federal court mandates the pleading of sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id*. Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* (all federal pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Further, "although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations'" to avoid dismissal. *Pelayo v. Wells Fargo Bank, N.A*., 2014 WL 3513207, at *2 (W.D. Tex. July 14, 2014) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). Therefore, while federal district courts must generally accept a plaintiff's well-pled factual allegations as true when ruling on a Rule 12(b)(6) motion, they need <u>not</u> accept as true "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). *See also Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.,* 12 F. Supp. 3d 980, 988 (S.D. Tex. 2014) ("The court should not 'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'") (quoting *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005)) (internal punctuation omitted); *Lowe v. Dallas Police Dep't,* 2017 WL 4863076, at *9 (N.D.

Tex. Oct. 17, 2017), *report and rec. adopted*, 2017 WL 4838980 (Oct. 26, 2017) ("[a]lleging a claim by merely attaching a label and/or legal conclusion to no facts unique to that claim—or, at best, threadbare unique facts—is not sufficient to state a claim that is plausible on its face"); *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 389 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*, 464 F.App'x 334 (5th Cir. 2012) ("unwarranted speculation … need not be afforded any presumption of veracity by this Court").

## IV.    <u>ARGUMENT</u>

### A.    <u>The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Fails to Plausibly Allege Any Theory of Liability Against Jobble.</u>

Plaintiff's claims fail at the outset because she does not plausibly allege that Jobble was responsible—either directly or vicariously—for any of the texts identified in the Complaint. This threshold defect is fatal to both claims asserted in the Complaint, warranting a complete dismissal.

The TCPA recognizes two potential theories of liability: direct liability or vicarious liability. *See Rogers v. Postmates Inc.*, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.,* 582 F.App'x 678, 679 (9th Cir. 2014)). To state a TCPA claim and survive dismissal on these grounds, Plaintiff must plausibly allege either that Jobble itself sent the subject texts or that the texts were sent by a third party acting as Jobble's agent under traditional common-law agency principles. *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019). District courts in this Circuit (particularly in this District) have firmly adopted this rule and have often dismissed entire TCPA complaints lacking in such plausible facts on these grounds. *See, e.g., Cunningham v. Daybreak Solar*, 2023 WL 3985245, at *2-3 (N.D. Tex. June 13, 2023) (citing *Cunningham v. Politi,* 2019 WL 2519568, at *5 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL 2524736 (June 19, 2019)). Absent factual allegations supporting one of those theories, a TCPA claim cannot proceed to the discovery stage. *See Cunningham v. Daybreak Solar*, *supra*;

*Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023). Plaintiff failed to sufficiently plead either theory in this case, damning her entire Complaint.

As to the former theory, it is well accepted that direct liability applies <u>only</u> to persons or entities that "make" or "initiate" calls directly to the plaintiff. *See Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C. Rcd. 6574, 6583 ¶ 26 (2013)). *Accord Cunningham v. Daybreak*, 2023 WL 3985245, at *2-3 (citing *Hunsinger v. Dynata LLC,* 2023 WL 2377481, at *5 (N.D. Tex. Feb. 7, 2023) and *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019)). In this context, "a person or entity 'initiates' a telephone call when it takes the steps necessary to ***physically place*** a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6583 ¶ 26 (emphasis added). *See also Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021) (holding TCPA plaintiffs must allege facts to "allow the Court to reasonably infer that defendant is [directly] liable for ***each call***" at issue); *Barnes v. SunPower Corp.,* 2023 WL 2592371, at *1-3 (N.D. Cal. Mar. 16, 2023) (dismissing claim brought by some of the same counsel representing Plaintiff on this basis where the plaintiffs did not plausibly allege the "[d]efendant itself" physically made the calls at issue). Thus, a third party caller "[m]erely offering a good or service for sale does not mean that a retailer [physically] initiates the marketing calls for that product" for direct TCPA liability purposes. *Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017). *See also Katz v. Caliber Home Loans, Inc.,* 2023 WL 5311488, at *3 (N.D. Tex. Aug. 17, 2023) (dismissing where plaintiff alleged an "unidentified caller 'offered the Defendant's services from the Caliber Home Loan Mortgage Refinance Team'"). In short, "direct TCPA liability" means just that—the defendant itself,

and not a third party, must have physically placed (or made, initiated, transmitted, sent, etc.) each communication at issue ***directly*** to the plaintiff, for such liability to arise. *See In re Rules and Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980 (Jul. 10, 2015) (ruling that there must be a "direct connection between a person or entity and the making of a call" for direct TCPA liability to attach). An alleged ***indirect*** connection to a call, therefore, will not suffice for this purpose.

This Court's prior ruling on this issue in *Cunningham v. Daybreak Solar* is highly instructive. There, Judge O'Connor dismissed another serial TCPA plaintiff's complaint under Rule 12(b)(6) for failing to plausibly allege a TCPA liability theory, where he merely conclusorily alleged that a third party called "The-Solar-Project.com" placed the subject calls, but failed "to provide any facts in support of the assertion [in his complaint] that The-Solar-Project is simply a 'trade or marketing' name used by the Defendant" when placing calls, or that the defendant itself physically called the plaintiff. 2023 WL 3985245, at *2-3. In other words, the plaintiff there concluded that the defendant placed the calls, without any factual enhancement showing it was the defendant itself who physically did so directly, which was insufficient to state a claim. Such is true in this case.

Here, Plaintiff concludes that she "received texts from Defendant." Dkt. 1 ¶ 44. But the Complaint offers no factual allegations supporting that conclusion. Plaintiff does not allege, for example, that: (i) any text message identified Jobble as the actual sender; (ii) the toll free telephone number used to send texts was owned or controlled by Jobble; (iii) she ever called that number back and reached Jobble; (iv) that she clicked on any "trackable link" within the texts which lead to any website identifying Jobble; or (v) any other facts connecting Jobble to the challenged texts. Instead, Plaintiff simply alleges the dates she purportedly received these texts along with partial quotations of their content and conclusorily asserts that they are attributable to Jobble. *See* Dkt. 1 ¶¶ 44-52. Notably, however, none of Plaintiff's partial quotations reference Jobble. *Id*. Such allegations are

6

insufficient to state a plausible TCPA claim. *See, e.g., Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a TCPA claim"); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023) (dismissing claims where plaintiffs failed to plead facts supporting their inference that the defendant "physically dialed" the challenged calls); *Bank v. Consumer Tax Advoc., LLC,* 2025 WL 1640500, at *7–8 (E.D.N.Y. Feb. 5, 2025) (dismissing on this basis where there was "no direct allegation [pled] that [the defendant] was the entity that actually [*i.e.*, physically] initiated the call" at issue); *Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, at *4 (N.D. Cal. Oct. 7, 2025) (dismissing TCPA case brought by some of the same counsel representing Plaintiff on this basis, and holding: "Despite Plaintiff's conclusory allegation that the text messages were sent by Defendant, the complaint provides no factual details plausibly suggesting that Defendant actually sent them. There is no discussion, for example, of any investigation Plaintiff conducted to form the understanding that Defendant operated the separate phone numbers from which these messages were sent."). As one court recently explained when dismissing a similarly defective claim, a plaintiff cannot state a TCPA claim merely by alleging that he received calls "from" a defendant while failing to allege facts connecting the identified phone numbers to that defendant. *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025). The same is true here.

At bottom, allowing such allegations to proceed to discovery is tantamount to an end-run around the *Iqbal*/*Twombly* pleading standard, and would effectively eliminate the TCPA's threshold requirement that a plaintiff plausibly allege **the defendant itself** physically made or initiated the challenged communications. Under Plaintiff's theory, any recipient of an unsolicited call or text could simply select a company, assert that the communication was made by or on that company's behalf, and thereby bind a company to bear the costs of a pending class litigation and endure

discovery without alleging any plausible facts connecting the company to the communication. But courts have correctly recognized that TCPA plaintiffs must adequately plead direct or vicarious liability in all cases **without the benefit of discovery** to avoid dismissal. *See, e.g., Hurley v. Messer,* 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (dismissing where plaintiff did not sufficiently identify who physically placed the calls, noting "allowing discovery where [p]laintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*").

Nor does Plaintiff adequately plead vicarious TCPA liability. The Complaint contains no factual allegations concerning any agency relationship, authority, control, ratification, or other basis for holding Jobble responsible for the conduct of unidentified third parties. Plaintiff's naked assertion that certain texts may have been sent by "agents" or an unknown "third party on behalf of" Jobble (*see* Dkt. 1 ¶¶ 63, 76, 77) is precisely the type of conclusory allegation that *Twombly* and *Iqbal* prohibit. *See, e.g., Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449-50 (9th Cir. 2018); *Rogers,* 2023 WL 2646468, at *6 (citing *Fabricant v. Elavon, Inc.*, 2020 WL 11884505, at *4 (C.D. Cal. Aug. 25, 2020)); *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *3–6 (N.D. Cal. Mar. 28, 2018). Consequently, Plaintiff's Complaint should also be dismissed on vicarious TCPA liability grounds. *See, e.g.*, *Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (rejecting unsupported "agency" allegations as "wholly conclusory" and dismissing based thereon under Rule 12(b)(6)); *see also Cunningham v. Daybreak,* 2023 WL 3985245, at *3; *Cunningham v. Lifestyles*, 2019 WL 4282039, at *5; *Moreland v. SunPath, Ltd.,* 2021 WL 6773100, at *3 (E.D. Tex. Sept. 10, 2021) (each dismissing TCPA claims on this basis).

### B.    Count I Should Also Be Dismissed With Prejudice Under Rule 12(b)(6) Because Text Messages Are Not Covered Under Section 227(c) of the TCPA.

On its face, Section 227(c) creates a private right of action only for a person who has "received more than one **telephone call** within any 12-month period" in violation of the DNC

8

regulations. 47 U.S.C. § 227(c)(5) (emphasis added). As several courts, including the Seventh Circuit, have recognized, Section 227(c) of the TCPA "doesn't mention telephone messages, nor does it use the more encompassing term, telephone solicitation." *Steidinger v. Blackstone Med. Servs.*, 2026 WL 2028517, at \*2 (7th Cir. July 14, 2026) (applying statutory construction principles and holding that Section 227(c)(5) does not provide a private right of action for unwanted text messages because the statute is limited to "telephone calls," and that text messages are not telephone calls within the meaning of that provision); *see also Davis v. CVS Pharm., Inc.*, 797 F. Supp. 3d 1270, 1272-1273 (N.D. Fla. 2025) (dismissing with prejudice on this basis under Rule 12(b)(6)). These courts and many others have correctly concluded that "[t]he statutory text . . . is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Radvansky v. 1-800-FLOWERS.COM, Inc.,* 2026 WL 456919, at \*3 (N.D. Ga. Feb. 17, 2026) (dismissing on this basis).[1] *Steidinger* is the sole court of appeals decision to directly confront this question to date. In the absence of contrary circuit authority, the Court should adopt its well-reasoned analysis here.

Moreover, as the Supreme Court recently reiterated, "[e]very statute's meaning is ***fixed at the time of enactment***." *Loper Bright Enters. v. Raimondo,* 603 U.S. 369, 400 (2024) (emphasis added). Thus, federal courts "must interpret what Congress wrote" when Section 227(c) was enacted in 1991, and they cannot rewrite it to update it for modern technology. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 405, 409 (2021). Further, it is axiomatic that if a statute's language is plain and unambiguous—like the TCPA's language certainly is—courts need not analyze it further when

---

[1] *See also Stockdale v. Skymount Prop. Grp., LLC*, 2026 WL 591842, at \*3 (N.D. Ohio Mar. 3, 2026); *El-Sayed v. Naturopathica Holistic Health, Inc*., 2025 WL 2997759, at \*2 (M.D. Fla. Oct. 24, 2025); *James v. Smarter Contact, Inc.,* 2026 WL 879244, at \*3-5 (M.D. Fla. Mar. 31, 2026); *Irvin v. Sonic Indust. Serv., LLC*, 2026 WL 1098403, at \*2–5 (N.D. Ga. Apr. 20, 2026); *Richards v. Fashion Nova, LLC*, 2026 WL 847568, at \*2-4 (S.D. Ind. Mar. 26, 2026); *Richards v. Shein Distrib. Corp.*, 2026 WL 847584, at \*3 (S.D. Ind. Mar. 26, 2026) (each ruling similarly and dismissing Section 227(c) claims under Rule 12(b)(6) on this basis).

doing a construction analysis and "must enforce it according to its terms." *King v. Burwell,* 135 S.Ct. 2480, 2489 (2015). *See also Stockdale*, 2026 WL 591842, at *4 ("***Where, as here, the language of the statute is clear, the Court's analysis stops***.") (emphasis added)).

Courts applying these core principles have looked to the plain meaning of the term "telephone call" as of the date of enactment and concluded that texts are not covered by Section 227(c) because texts did not even exist yet. *Steidinger*, 2026 WL 2028517, at *2 (citing *Blow v. Bijora, Inc.*, 191 F. Supp. 3d 780, 786 n.3 (N.D. Ill. 2016) (noting that the first text message was sent in December 1992)); *see also Davis*, 797 F. Supp. 3d at 1273 (ruling similarly); *Stockdale*, 2026 WL 591842, at *3 (same). As the Seventh Circuit recently held, the "ordinary public meaning of telephone call at the time of the TCPA's enactment, as well as the context provided by surrounding provisions of § 227," make clear that texts are not calls under Section 227(c) of the TCPA. *Steidinger*, 2026 WL 2028517, at *2.  This legal defect dooms Count I of Plaintiff's Complaint.

In response to this Motion, Plaintiff may invite this Court to expand the plain language of Section 227(c) to cover <u>all</u> communications to or from a phone. The Court should decline this invitation, as doing so would violate the settled statutory construction principles discussed above and stretch the statute far beyond Congress' express limits. *See Radvansky,* 2026 WL 456919 at *4 (rejecting similar invitation). Indeed, a comprehensive review of the statute's history, plain language, and overall structure confirms that Congress did <u>not</u> employ language suggesting the term "telephone call" used in Section 227(c) would serve as a catchall for any present or future phone technology.

*First*, Congress has amended the TCPA multiple times since its enactment but has <u>never</u> amended Section 227(c) to include texts. In 2018, for example, Congress amended the statute to address text messages in connection with Caller ID requirements, which fall under a different provision of the statute. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P,

10

§ 503(a) (codified at 47 U.S.C. § 227(e)). In doing so, Congress expressly distinguished between "a call made using a voice service" and "a text message sent using a text messaging service." 47 U.S.C. § 227(e)(8)(A), (B). These amendments demonstrate three critical points: (1) Congress knows how to differentiate between technologies; (2) it did not just assume that texts were already covered by the TCPA's reference to "telephone calls" (or else there would have been no need to amend Section 227(e) to include them); and (3) it did not intend every provision of the TCPA (which function independently from each other) to sweep in texts. *See Radvansky*, 2026 WL 456919, at *4; *El-Sayed,* 2025 WL 2997759, at *2 (noting the fact that the term "text message appears elsewhere in the TCPA and related amendments "confirms Congress understood the pertinent distinction and legislated mindful of the distinction.").[2] Expanding "telephone call" in Section 227(c) to encompass every form of communication transmitted to or from a phone would not only depart from the statute's plain and unambiguous text, which is dispositive, but it also "would likely more than double the number of private causes of action authorized by the TCPA." *McGonigle v. Pure Green Franchise Corp.*, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026).

*Second*, Congress defined "telephone solicitation" in 47 U.S.C. § 227(a)(4) to include "the initiation of a telephone call or message." Though this separate section refers to artificial or prerecorded voice messages, it does not refer to "text messages," and Congress' deliberate use of "telephone call or message" in a "neighboring provision" merely highlights that the term "telephone call" as used in Section 227(c) does not encompass all "messages." *Steidinger*, 2026 WL 2028517, at *2-3; *Davis*, 797 F. Supp. 3d at 1274. *See also Radvansky*, 2026 WL 456919, at *4 ("construing these distinct phrases identically would render superfluous the different terms Congress chose to use

---

[2] Furthermore, numerous courts have found voice calls and texts differ "in several important ways" including that texts, unlike calls, "do[] not require that a person pick up a call, listen to a voice, or tie up their phone's line." *Fashion Nova*, 2026 WL 847568, at *3. *See also Stockdale,* 2026 WL 591842, at *4; *James*, 2026 WL 879244, at *3–5 (ruling similarly).

11

in each subsection, a result which would violate the canon against surplusage"); *Irvin*, 2026 WL 1098403, at *4 (ruling similarly and declining to apply Section 227(a)(4) to 227(c)). Indeed, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Kucana v. Holder*, 558 U.S. 233, 249 (2010) (quoting *Nken v. Holder,* 556 U.S. 418, 430 (2009)). This undermines any argument that texts are "telephone calls" under the plain language of Section 227(c). Rather, Congress' omission of texts from the scope of Section 227(c) remains intentional and deliberate. This Court must honor that deliberate choice here.

*Third*, Congress has consistently drawn technology-specific distinctions within the TCPA. For example, although a fax transmission could be described colloquially as a "call" to the extent it is a communication transmitted by a telephone, Congress subjected fax advertisements to a separate regulatory scheme under Section 227(b), not Section 227(c), because faxes raise distinct concerns (*e.g.*, the consumption of paper/toner). *See, e.g.*, *Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 743 (6th Cir. 2013) (citing S. Rep. No. 102-178, at 4–5 (1991)). The same pattern appears throughout the TCPA's text, which differentiates among autodialed calls, prerecorded voice messages, live calls, and faxes, etc., each of which is assigned different statutory treatment. *See El-Sayed*, 2025 WL 2997759, at *2.

Plaintiff may also cite to other decisions interpreting whether a text is a "call" under Section 227(b) to suggest that texts also qualify as a "telephone call" under Section 227(c).[3] That would be unavailing. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Roberts v. Sea-*

---

[3] *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (using the definition of the verb "call" from the 1993 Webster's Dictionary, and a definition from a 1989 dictionary largely mirroring other definitions of "call" as a verb).

*Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (quoting *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989)). Here, Sections 227(b) and (c) use the word "call" in different contexts. Indeed, "Section 227(b)(1)(A) [of the TCPA] deals with 'a broader prohibition on 'any call'" and not "the statutory term 'telephone call' at issue here" with respect to DNC claims under Section 227(c). *See James,* 2026 WL 879244, at *3-5 (noting that courts relying on prior interpretations of Section 227(b) improperly focus on the verb "call" used in Section 227(b) and did not consider the definition or modifying effect of the term "telephone" in 227(c) whereas "[i]n Section 227(c)(5), 'call' is used as a noun") (citing *Davis*, 797 F. Supp. 3d at 1273); *see also Steidinger*, 2026 WL 2028517, at *2 (concluding that, "in 1991, a 'telephone call' referred to communication via sound" and therefore could not have included text messages). In short, using authorities interpreting the word "call" under Section 227(b) to determine the meaning of "telephone call" in Section 227(c) is comparing apples to oranges. *See also FCC v. AT&T Inc.,* 562 U.S. 397, 402-403 (2011) (noting different parts of speech sharing a root word "may have meanings as disparate as any two unrelated words").

Taking the "overall statutory scheme" into consideration only underscores why cases interpreting the verb "call" as used in the context of Section 227(b) do not apply to interpret that same word used in a different context (as a noun) in Section 227(c). Again, a review of the statute's structure and history shows that Congress did <u>not</u> intend Section 227(c) (or the entire TCPA for that matter) to cover all communications to and from a phone without exception; and it has consistently drawn distinctions among different technologies (like autodialed calls, prerecorded messages, live calls, and faxes) when legislating in this space, each subject to different statutory treatment, as noted above. The TCPA illustrates this through its treatment of faxes, which are regulated separately under Section 227(b) from voice calls or texts, despite faxes being "communication via telephone" and therefore arguably "calls" under Plaintiff's (and some courts') advocated definition. Congress treated

faxes differently because they impose unique harms voice calls do not. The same logic applies to texts: different communication technologies raise different concerns and thus necessitate different statutory rules. That Section 227(c) has not been amended to include texts to date is because Congress may have reasonably concluded "text messages do not present the same type of nuisance that phone calls do" and thus has intentionally excluded texts from Section 227(c). *Fashion Nova*, 2026 WL 847568, at *3. Where Congress has drawn such clear statutory lines—however imperfect they may seem in hindsight—courts are not free to redraw or question them. And at the end of the day, "the fact remains that Section 227(c)(5) of the TCPA [only] includes 'telephone call' and does not mention text messages or SMS messages." *Jones*, 792 F. Supp. 3d at 901. Bedrock statutory construction principles mandate that this Court apply that plain and ambiguous language as written.

While Jobble is aware of at least one district court decision in this Circuit in which the court declined to interpret "telephone call" to include only voice communications, that decision is, respectfully, wrongly decided and was notably issued prior to the Seventh Circuit's recent well-reasoned decision in *Stedinger*. *See Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930, at *5 (S.D. Tex. Jan. 26, 2026) (interpreting "to make a 'telephone call,' for purposes of § 227(c)(5)" as "to get or try to get into communication" with an "instrument for producing sounds at a distance.").[4] Indeed, under the *Alvarez* court's rationale, emails sent from a cell phone would also be considered a "telephone call," though it is well established that emails are not subject to the TCPA.

---

[4] Other district courts in this Circuit have decided this issue based on solely on the "weight" of then-current authority (much of which interpreted Section 227(b) or relied other decisions interpreting that different provision) and often did so in the context of deciding a motion for default judgment. *See, e.g., Callier v. Am. Auto Grp. LLC*, 2026 WL 1741206, at *6–8 (W.D. Tex. May 29, 2026), *report and rec. adopted*, 2026 WL 1738124 (W.D. Tex. June 16, 2026); *Callier v. United Fundings LLC*, 2026 WL 1623421, at *7 (W.D. Tex. Apr. 15, 2026), *report and rec. adopted sub nom.* 2026 WL 1630445 (W.D. Tex. May 13, 2026); *Duron v. Kings Cap. Holding LLC*, 2026 WL 319779, at *5 (W.D. Tex. Jan. 13, 2026), *report and rec. adopted*, 2026 WL 316037 (W.D. Tex. Feb. 5, 2026). These authorities are inapposite and should not be followed.

Lastly, in response to this Motion, Plaintiff may also cite other decisions from courts in other Circuits that have ruled differently on this point. As the *Radvansky* court noted, though, "the reasoning underlying these decisions is inherently flawed" for multiple reasons discussed above, and for many others, and therefore should not be followed in this instance, either. 2026 WL 456919 at *4 (criticizing various cases on this issue). *See also Stockdale*, 2026 WL 591842, at *3 (same).[5]

All told, while Plaintiff may believe that there are compelling reasons for the Court to expand Section 227(c) of the TCPA to reach the realities of today's communication technologies, only Congress can do so. Because text messages alone cannot support any Section 227(c) claim, Plaintiff's claim in Count I of her Complaint fails as a matter of law; and, since this is not a curable defect, it should thus be dismissed <u>with prejudice</u> on this basis. *See, e.g., Davis*, *supra*.

**C.      <u>Count I Should Also Be Dismissed Under Rule 12(b)(6) Because Plaintiff Failed to Plausible Allege Receipt of a "Telephone Solicitation."</u>**

Count I should also be dismissed for the additional reason that Plaintiff failed to plausibly allege that she received a "telephone solicitation" under the TCPA.

The term "telephone solicitation" is specifically defined in the TCPA's implementing DNC regulations as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15). Under the TCPA, however, a telephone solicitation expressly "does *not* include a call or message [t]o any person with that person's express invitation or permission, [or] [t]o any person with whom

---

[5] As discussed in *Radvansky* and *Stockdale*, other federal courts that have erroneously found texts are covered by Section 227(c) either: (i) did not perform a proper statutory construction analysis consistent with recent Supreme Court rulings; (ii) gave considerable deference to the FCC's orders or opinions relating to Section 227(b) (a different section covering different phone technologies), in contravention of *Loper* and *McLaughlin*; (iii) relied heavily on modern dictionary definitions of "call" and "message" despite that Congress clearly did not intend to use the broadest possible construction of those terms; and/or (iv) did not interpret the statute as it existed in 1991, as the Supreme Court requires. This Court should not make the same analytical missteps here.

the caller has an established business relationship." 47 C.F.R. § 64.1200(f)(5) & (f)(15) (emphasis added). Here, Plaintiff notably fails to plead facts from which to infer that she did not provide her prior express invitation or permission or have an established business relationship with Jobble. *See* Dkt. 1, ¶¶ 35-62. Absent such allegations, she has not plausibly that alleged she received a "telephone solicitation" under Section 227(c) of the TCPA. *See, e.g., Gillam v. Reliance First Cap., LLC*, 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023) (dismissing TCPA DNC claim for failure to plead lack of prior express invitation or permission or established business relationship).

*Gillam* is instructive. There, the plaintiff alleged a TCPA DNC claim, but failed to allege that he did not previously invite or permit the defendant to call him or that he and the defendant lacked an "established business relationship" prior to the receipt of any calls. *Id*. The court dismissed his claim on this basis. The same deficiency exists here. Moreover, the content of very first message Plaintiff purportedly received "informed Plaintiff that she was 'subscribed to recurring texts on insurance quotes, savings & offers," which suggests she *did* invite or permit the subject texts. *See, e.g.*, Dkt. 1, ¶ 51. This too undermines her conclusion that she received a "telephone solicitation" in violation of the TCPA. Thus, Count I should be dismissed under Rule 12(b)(6) on this basis, as well.

**D.      Plaintiff's State Law Claim in Count II Is Likewise Deficient and Thus Should Also Be Dismissed Under Rule 12(b)(6).**

Because Plaintiff's TCPA claim is fatally deficient for the reasons above, her analog Texas state law claim in Count II, which is based on the same defective allegations, naturally fails and thus should be dismissed under Rule 12(b)(6). *See, e.g., Cunningham v. Politi*, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019), *report and rec. adopted,* 2019 WL 2526536 (June 19, 2019) ("Because Plaintiff's underlying (federal) TCPA claims fail, Plaintiff's state TCPA claim [under TBCC] § 305.053 also fails.") (citing *Cherakaoui v. Santander Consumer USA, Inc.,* 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014)); *Horton v. Nat'l Republican Senatorial Comm*., 2023 WL 372066, at *6 (N.D.

16

Tex. Jan. 23, 2023) ("Because Horton failed to provide sufficient facts to plead a TCPA … violation, he necessarily fails to plead a TBCC section 305.053(a) violation."); *see also id*. (also dismissing TBCC § 302.101 claim); *Callier v. MultiPlan, Inc.*, 2021 WL 8053527, at *18 (W.D. Tex. Aug. 26, 2021) ("The court has already found that Plaintiff has failed to state a violation of TCPA. As such, the court finds Plaintiff has also stated a violation of § 305.053."); *Cunningham v. Daybreak,* 2023 WL 3985245, at *3 (ruling similarly and dismissing state claim where plaintiff failed to allege liability theory as to TCPA claim); *Pinn v. CycleBar Franchising, LLC*, 2023 WL 8374749, at *2 (N.D. Tex. Dec. 4, 2023) ("It is axiomatic that if no violation of the TCPA exists, then there is no violation of TBCC § 305.053; in other words, the two are coextensive.") (collecting cases). This Court may also decline to exercise supplemental jurisdiction over Plaintiff's state law claim, after dismissing the TCPA claim for the reasons above, under 28 U.S.C. § 1367(c). *See, e.g., Cunningham v. Radius Glob. Sols., LLC*, 2021 WL 2258743, at *3 (E.D. Tex. June 3, 2021) (TCPA case).

## V.     CONCLUSION

For all the foregoing reasons, and for such additional reasons as to be presented to the Court prior to its ruling hereon, the Court should enter an order dismissing the entire Complaint under Rules 12(b)(6) and with prejudice, along with granting Jobble all other just and proper relief.

17

Dated: July 27, 2026                    Respectfully submitted,


By: /s/ C Brenton Kugler
C Brenton Kugler
Scheef & Stone LLP
500 N Akard
Suite 2700
Dallas, TX 75201
214/706-4227
Fax: 214/706-4242
Email: brent.kugler@solidcounsel.com

John W. McGuinness (admission to be requested)
A. Paul Heeringa (admission to be requested)
**Manatt, Phelps & Phillips, LLP**
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
jmcguinness@manatt.com
pheeringa@manatt.com

*Counsel for Defendant*

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document and any referenced exhibits or related documents were served upon all counsel of record via the Court's CM/ECF docketing system.


Dated: July 27, 2026          By: /s/ C Brenton Kugler

19